IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNNY CLIFFORD JACKSON,

    Petitioner,                  No. 2:10-cv-494-GEB-EFB P

    vs.

GARY SWARTHOUT,

    Respondent.               <u>FINDINGS AND RECOMMENDATIONS</u>

                              /

       Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He proceeds on his October 6, 2011 first amended petition. ECF No. 28. Respondent moves to dismiss the amended petition for failure to state a cognizable claim. ECF No. 30. As explained below, the motion must be denied.

**I.    Background**

       Petitioner's original petition, filed on March 1, 2010, concerned a disciplinary action taken against petitioner in January 2008 for allegedly failing to report to work. ECF No. 1. He alleged that he was deprived of due process at a January 29, 2008 disciplinary hearing because the hearing officer refused to call witnesses. *Id*. at 9.[1] He further alleged that he was deprived of

---

[1] The page numbers cited herein refer to those assigned by the court's electronic docketing system and not those assigned by the parties.

1

due process and equal protection because the alleged infraction was minor and should have resulted in progressive disciplinary action rather than "a CDC-115 for violation of not going to work for missing one day." *Id*.

Respondent moved to dismiss that earlier petition, arguing that it failed to present a cognizable habeas claim (ECF No. 20), and on August 31, 2011, the undersigned issued findings and recommendations recommending that that petition be dismissed with leave to amend. ECF No. 26. The court discussed at length the relevant case law and concluded that habeas jurisdiction exists where it appears from the petition that expungement of the disciplinary action challenged could potentially accelerate the petitioner's release. *Id*. at 12. However, the court found that the petition lacked sufficient allegations to show that success on petitioner's claims could accelerate his release. Accordingly, it was recommended that the petition be dismissed with leave to amend to allege such facts. *Id*.

The findings and recommendations further observed that it was possible that petitioner's claims were moot. *Id*. at 13. It was unclear whether he continues to be subjected to punishment for the disciplinary charge. *Id*. at 14. Thus, the court also concluded that petitioner must, in any amended petition, include facts sufficient to demonstrate that his case is not moot–either because he remains subject to the discipline imposed on January 29, 2008, or because the disciplinary action carries collateral consequences. *Id*. Those findings and recommendations were adopted in full on September 27, 2011, and the petition was dismissed with leave to amend. Dckt. No. 27.

Petitioner filed an amended petition on October 6, 2012, indicating that on January 29, 2008, he was found guilty of refusing to work and was assessed a loss of 30 days' credit, among other punishments. ECF No. 28 at 42 (Ex. A). Petitioner clams he was denied due process at the disciplinary hearing because the hearing officer refused to call witnesses. *Id*. at 10-12. Petitioner contends that the court has jurisdiction over his claim because expungement of his disciplinary conviction will likely accelerate his eligibility for parole. *Id*. at 6.

**II.     Respondent's Motion to Dismiss**

Respondent moves to dismiss the amended petition pursuant to Rule 4 of the Rules Governing § 2254 Cases for failure to state a cognizable claim. This court has authority under Rule 4 to dismiss a petition if it "plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." As a corollary to that rule, the court may also consider a respondent's motion to dismiss, filed in lieu of an answer, on the same grounds. *See*, *e.g.*, *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss for failure to exhaust state remedies); *White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as the procedural vehicle to review a motion to dismiss for state procedural default). Respondent argues that petitioner's claim should be dismissed because the petition does not challenge the fact or duration of petitioner's confinement and petitioner has not shown that he was deprived of a federally protected liberty interest.

**A. Habeas Jurisdiction**

The court's earlier findings and recommendations (ECF No. 26) reviewed at length the case law within the Ninth Circuit regarding the jurisdictional relationship between federal habeas claims and civil rights claims brought under 42 U.S.C. § 1983. "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev Stat § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . .; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). Respondent claims that success on the petition will not affect the duration of petitioner's custody and thus the court is without power to hear the case under the habeas statute. ECF No. 30 at 5; *see Docken v. Chase,* 393 F.3d 1024, 1028-29 (9th Cir. 2004) (treating the issues of whether a claim that could potentially impact the duration of custody was cognizable or was within the court's federal habeas

3

jurisdiction as interchangeable).  As explained in the court's analysis of the earlier petition, the petitioner is required to allege sufficient facts showing that the challenged action impacted his custody in a manner sufficient to invoke the court's jurisdiction under the habeas statute.  And as this court further explained "this determination is complicated by a current lack of clarity in case law regarding whether a potential, rather than certain, impact on custody is sufficient to invoke federal habeas jurisdiction."  ECF No. 26 at 3.  After discussing the relevant case authority, this court noted that "habeas jurisdiction exists over the [original] petition if, from the facts as pleaded, it appears that expungement of the disciplinary action challenged by petitioner could potentially accelerate petitioner's release."  However, petitioner's original petition failed to allege facts sufficient to show that success on his claims could accelerate his release.  Therefore, it was recommended that the petition be dismissed with leave to amend.

     Respondent's current motion essentially requests reconsideration of the court's prior determination that "could potentially" accelerate parole release is the appropriate test for habeas jurisdiction.  Respondent focuses on the distinction between whether the California Board of Parole Hearings (hereafter "Parole Board") *might*, or whether it would *necessarily* later consider the disciplinary action when evaluating an inmate's suitability for parole.  Respondent insists that the proper test is whether reversal of challenged disciplinary action that would not necessarily lead to his release.  The court will not repeat the extensive review and discussion of this issue that was detailed in its earlier analysis.  *See* ECF No 26.  It's sufficient to note that the Ninth Circuit in *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir.1989), held that federal habeas jurisdiction exists where the expungement of a challenged prison disciplinary record is "*likely* to accelerate the prisoner's eligibility for parole."  Later, in reviewing a dismissal of a section 1983 claim challenging a prison disciplinary action, the Ninth Circuit considered whether the claim was barred by the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), which requires that prisoners first obtain reversal or expungement of disciplinary convictions via a habeas petition or other means before challenging them in a civil rights action where success in the civil rights action

4

would implicitly question the validity of the litigant's conviction or the duration of his sentence. *Ramirez v. Galaza*, 334 F.3d 850 (9th Cir. 2003). The panel in *Ramirez* concluded that the favorable termination rule of *Heck* does not apply to prison disciplinary sanctions that do not "necessarily" affect the fact or length of a prisoner's confinement. *Id*. at 854-58. Subsequently, in *Docken v. Chase*, 393 F.3d 1024, 1031 (9th Cir. 2004), the Ninth Circuit again reviewed a dismissal of a habeas petition for lack of jurisdiction. There, the prisoner did not directly challenge the disciplinary finding but rather the timing of his parole-eligibility reviews. *Id*. at 1025-26. The Ninth Circuit reversed, finding cognizable not only those challenges that, if successful, were "likely to accelerate" release, but also those that, if successful, "*could potentially* affect the duration of . . . confinement." *Id*. at 1031 (emphasis added). In light of *Docken*, this court granted petitioner leave to amend to alleged facts, that if true, show that his duration of confinement could be affected by the disciplinary finding that he seeks to challenge. In doing so, this court previously discussed at length the developing case law in this circuit on this question. ECF No. 26 at 6-12; 27 at 2. Nothing in the subsequent case law or the amended petition warrants reconsideration here of the court's adoption of the "could potentially affect the duration of . . . confinement."[2] *Id*. at 11 (*quoting Docken*, 393 F.3d at 1031); *see also Davis v. Haviland*, 2013 WL 3166587 *4 (E.D. Cal. 2013) (discussing relevant case law).

      Here, petitioner contends that his disciplinary conviction is likely to affect the duration of his confinement because the Parole Board relied on prior disciplinary violations to revoke a parole date and to find petitioner unsuitable for parole. Pet'r's Opp'n to Resp't's Mot. to Dism., ECF No. 31 at 4. Indeed, the record before the court indicates that not only do the collateral consequences of the challenged disciplinary conviction still exist, but the Parole Board has previously relied on an adverse disciplinary finding to rescind a prior parole date. Transcripts

---

[2] Rephrasing the question --as respondent has-- to whether expungement of the disciplinary action would "necessarily" affect future parole release simply brushes aside the Ninth Circuit's contrary holding in *Docken*.

from a parole rescission hearing held on May 17, 1989, show that petitioner was found suitable for parole on October 9, 1981. ECF No. 28 at 32-38 (Ex. 2). However, the Board decided to rescind petitioner's parole date based on two disciplinary violations.[3] *Id*. at 37. The Board concluded that "both incidents indicated substantial lack of control, particularly the verbal abuse to the head of the education department." *Id*.

Petitioner also submits transcript excerpts from a 2002 parole hearing, where he was found unsuitable for parole. ECF No. 28 at 25-31 (Ex. 2). After informing petitioner of the adverse decision, the presiding commissioner stated, "We're asking that you become and remain disciplinary-free. No discipline in this next year at all, no write-ups or anything." *Id*. It was also recommended that petitioner continue to upgrade educationally, participate in self-help programming, complete a psychological evaluation, and complete his parole plans. *Id*. at 28. The commissioner concluded the hearing by stating to petitioner, "Okay, just keep up the good work. Stay disciplinary-free, no write-ups this next year, because that will just really be negative for you, okay." *Id*. at 29.

---

[3] On September 27, 2012, petitioner filed a document titled "Notice of Motion and Motion to Addendum." ECF No. 33. In the pleading, petitioner argues that he was originally granted two parole dates, one on June 8, 1990, and the other on May 9, 1990. He claims that at the 1989 rescission hearing the Board only rescinded the June 1990 date, and therefore he should have been released from prison more than 20 years ago.

Petitioner is essentially alleging a new claim for relief that is unrelated to his 2008 disciplinary conviction. Petitioner, however, has not moved to amend his petition to allege such a claim. *See* Fed. R. Civ. P. 15(a). Furthermore, construing the September 27, 2012 pleading as a motion to amend would not assist petitioner, as the pleading does not comply with the court's local rules. *See* E.D. Cal. Local Rule 220.

Petitioner potentially faces other problems in his attempt to assert this new claim. First, there is no indication that petitioner exhausted this claim by presenting it to the California Supreme Court. Second, petitioner was likely aware of the facts surrounding such a claim at the time of the 1989 rescission hearing, and therefore the statute of limitations would likely preclude petitioner from now assertion the claim. *See* 28 U.S.C. 2244(d)(1).

Since the claim petitioner attempts to allege in his September 27, 2012 pleading is not properly before the court and is unrelated to his challenge to the 2008 disciplinary conviction, the undersigned declines to address it. Petitioner is notified that he may still attempt to assert such a claim by filing a separate petition for writ of habeas corpus. However, he is admonished that he must exhaust the claim before seeking federal relief, and even then the claim may still be barred by statute of limitations.

The record also contains excerpts from petitioner's 2011 parole suitability hearing. At this hearing, the Board again considered petitioner's prior disciplinary violations:

> Since your last hearing you have received one 115 rules violation. That was on January 7, 2008. You received a serious [violation] for refusing to work. You also received two 128(a)[4] counseling chronos since your last hearing; on 10/21/07 for rights and respect of others and on 11/20/08 for calls and passes. On parole you'll be required to report to a parole officer. You will be expected to obey orders and to - - and the rules of parole. Failure to do so would greatly reduce the likelihood that you'll be successful.

Resp't's Mot. to Dism., ECF No. 30-1 at 2-3 (Ex. 1).

After informing petitioner that he was unsuitable for parole, the Board recommended "that [petitioner] become and remain disciplinary free." *Id*. at 5. The evidence of record strongly suggests that subsequent parole boards are very likely to consider the challenged disciplinary decision to delay or deny petitioner parole. Indeed, the 2011 parole decision considered the disciplinary conviction at issue in finding that petitioner was not suitable for parole. Accordingly, the petitioner has submitted sufficient evidence to show that he is likely to suffer collateral consequences from the challenged disciplinary conviction and therefore his claims are not moot. *See e.g. Birdwell v. Martel*, No. CIV S-10-2523 LKK EFB P, 2012 WL 1131540 (E.D. Cal. Mar.30, 2012) (rejecting findings and recommendations that case was moot and noting that: "It is reasonable to assume that, given the Board's specific recommendation that Petitioner not receive more disciplinary violations, in addition to any past disciplinary violations already considered by the Board at Petitioner's previous parole hearing, this particular disciplinary violation at issue in Petitioner's habeas petition would, in fact, affect his future parole prospects.")

The amended petition sufficiently alleges, and the record strongly supports that the disciplinary conviction impacts the duration of petitioner's confinement because the Parole Board may and actually has used it as a basis for denying him parole. ECF No. 28 at 6. As

---

[4] 128(a) refers to CDC Form 128-A, which is used to document minor disciplinary infractions.

7

already explained in detail in the Findings and Recommendation filed on August 31, 2011 (ECF No. 26), should petitioner succeed on his due process claim, the expungement of his disciplinary conviction could and likely would greatly affect petitioner's eligibility for parole, thereby accelerating his release from prison. Accordingly, the undersigned finds that the amended petition contains sufficient allegations to establish habeas jurisdiction.

**B. Mootness**

The court must also examine whether petitioner's claim is nevertheless moot and thus outside the court's jurisdiction under Article III of the U.S. Constitution.[5] Under Article III, § 2, a federal court's jurisdiction is limited to those cases which present "cases-or-controversies." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). In habeas actions, the case-or-controversy requirement mandates that a petitioner must have suffered, or be threatened with, an actual injury traceable to the respondent and redressable by issuance of the writ. *See id.* Like jurisdiction under the habeas statute, the petition must allege facts sufficient to show that his claim is within the court's power under Article III. *Jackson*, 399 F.3d at 1074.

In general, a habeas petition challenging a prison disciplinary action no longer presents such a case or controversy, and therefore becomes moot, when the punishment for the action has been withdrawn or completed at the time of the petition. *See Wilson v. Terhune*, 319 F.3d 477, 479, 481-82 (9th Cir. 2003). Where the petitioner can show that so-called "collateral consequences" flow from the disciplinary action (i.e., circumstances beyond the punishment imposed that constitute an actual injury), however, the case remains justiciable. *Id.* at 479-80; *see Spencer*, 523 U.S. at 14-16. Like the habeas jurisdiction analysis, the mootness inquiry requires a determination whether petitioner has alleged facts showing that the disciplinary

/////

---

[5] Respondent does not argue that petitioner's claims are moot, but federal courts "have an independent duty to consider" mootness *sua sponte*. *Demery v. Arpaio*, 378 F.3d 1020, 1025 (9th Cir. 2004).

8

1 sanctions against him have not yet been completed or that collateral consequences of the
2 disciplinary action cause his case to remain live.

3       It is undisputed that restoration of his lost credits would have no impact on petitioner's
4 release date. Petitioner contends, however, that collateral consequences of the disciplinary
5 conviction exist because the Board will likely rely on the conviction at future parole hearings to
6 find him unsuitable for parole. ECF No. 31 at 4. The amended petition alleges that the Board
7 has previously relied on an adverse disciplinary finding to rescind a prior parole date. Dckt. No.
8 28 at 6. Petitioner further contends that disciplinary violations have been used in the past to find
9 him unsuitable for parole. *Id*.

10       In *Spencer v. Kemna*, the Supreme Court considered whether an order revoking parole
11 carried collateral consequences. 523 U.S. at 14-16. The petitioner in *Spencer* argued that the
12 order could be used against him in a future parole proceeding. *Id.* at 14. The Court found this
13 possibility insufficient to be considered a collateral consequence, however, because, the potential
14 use of the parole revocation order in a future parole suitability hearing was merely "a possibility
15 rather than a certainty or even a probability." *Id.* The court explained that under state law the
16 order would be only one factor among many to be considered by the parole authority in a future
17 parole proceeding, and the parole authority had almost unlimited discretion to determine
18 suitability. *Id.*

19       In *Wilson v. Terhune*, the petitioner argued that a prison disciplinary finding (based on an
20 escape attempt) would adversely affect his future parole prospects. 319 F.3d at 482. The Ninth
21 Circuit similarly concluded that such a possibility did not constitute a collateral consequence,
22 because "the decision to grant parole is discretionary" and the disciplinary finding would be only
23 one factor among many considered by the Board. *Id.*; *see also Carranza v. Gomez*, 221 Fed.
24 Appx. 582, 583 (9th Cir. 2007) (characterizing *Wilson* as holding that "impaired parole prospects
25 do not constitute collateral consequences."). The court also noted that the Board would likely
26 consider the underlying conduct, which the petitioner did not deny, rather than the disciplinary

9

finding itself, so expunging the disciplinary conviction would not improve his parole prospects. *Wilson*, 319 F.3d at 482.

Unlike the petitioner in *Wilson*, petitioner here denies the charges underlying his disciplinary finding. While petitioner's disciplinary record is just one consideration among many, as discussed above, the Parole Board has already explained and specifically emphasized to petitioner the importance of an adverse disciplinary finding on his chances for future parole. He was warned in a board hearing to not only remain "disciplinary-free" but was told by the Board: "No discipline in this next year at all, no write-ups or anything." ECF No. 28 at 28 (Ex. 2). Taking the Board at its word, having the disciplinary action sustained was in the past and continues to be for petitioner's future parole a virtually disqualifying consideration for the Board. Nor is there any reason to doubt the sincerity of the Board's warnings to the petitioner. The Board actually used the disciplinary conviction as a basis for denying him parole. ECF No. 28 at 6. Thus, record sufficiently shows that the disciplinary conviction does impact the duration of petitioner's confinement.

As already explained in detail in the findings and recommendation filed on August 31, 2011 (ECF No. 26), should petitioner succeed on his due process claim, the expungement of his disciplinary conviction could and likely would result in petitioner being found suitable for parole, thereby accelerating his release from prison. Accordingly, the undersigned finds that petitioner's challenge to the disciplinary conviction is not moot. *See*, *e.g.*, *Birdwell v. Martel*, No. CIV S-10-2523 LKK EFB P, 2012 WL 1131540 (E.D. Cal. Mar. 30, 2012); *Noor v. Martel*, No. CIV S-08-1656 WBS JFM, 2009 U.S. Dist. LEXIS 56966, at *8-13 (E.D. Cal. July 2, 2009) (finding a habeas challenge to a disciplinary conviction with no attendant credit loss not moot where the petitioner submitted transcripts of prior suitability hearings at which the Board emphasized that petitioner must demonstrate his ability to be "disciplinary-free" for a long period of time in order to be found suitable for release and where petitioner challenged both the disciplinary conviction and the underlying conduct).

**III.  Due Process**

Respondent further contends that the petition should be dismissed for failure to state a claim for relief. Respondent argues that petitioner's due process claims are barred by the United States Supreme Court's holding in *Sandin v. Conner*, 515 U.S. 472 (1995). In *Sandin*, the Supreme Court held that an inmate's prison disciplinary conviction was insufficient to give rise to a protected liberty interest because "[n]othing in [the State's] code require[d] the parole board to deny parole in the face of a misconduct record or to grant parole in its absence, even though misconduct is by regulation a relevant consideration." 515 U.S. at 487 (citations omitted). The court observed that "[t]he decision to release a prisoner rests on a myriad of consideration," and that inmates generally receive procedural protections at parole hearings and an opportunity to explain the circumstances surrounding any disciplinary violation. *Id*. The court concluded that "[t]he chance that a finding of misconduct will alter the balance is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." *Id*.

Here, however, petitioner does not merely claim that a future parole board may possibly rely on the challenged misconduct to deny or dely parole. Rather, as explained above, the Board specifically warned petitioner that any further disciplinary violation would "really be negative for" petitioner. ECF No. 28 at 28 (Ex. 2). The Board also relied on the disciplinary conviction at issue in finding petitioner unsuitable for parole in 2011. Under these circumstances, the undersigned cannot agree with respondent that the connection between the disciplinary action and future parole suitability decisions is too attenuated to entitled petitioner to procedural due process.

**IV.  Conclusion**

Accordingly, it is hereby RECOMMENDED that respondent's motion to dismiss, ECF No. 30, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 7, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE