UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY CLIFFORD JACKSON, | No. 2:10-cv-494-GEB-EFB P |
| Petitioner, | |
| v. | |
| GARY SWARTHOUT, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has filed a motion to amend his petition. ECF No. 40. Respondent opposes the motion. ECF No. 41. For the reasons that follow, it is recommended that the motion be denied.

Petitioner's original petition concerned a January 2008 disciplinary action. ECF No. 1. That petition was dismissed with leave to amend. ECF Nos. 26, 27. On October 6, 2012, petitioner filed a first amended petition that provided additional details of the January 2008 disciplinary action. ECF No. 28. Petitioner subsequently filed a "Notice of Motion and Motion to Addendum." ECF No. 33. In that filing, petitioner claimed that he was granted two parole dates, that the Board of Prison Terms rescinded only one of those parole dates at a rescission hearing in 1989, and that he therefore should have been released from prison more than twenty years ago. *Id.* at 1-2.

1

On August 29, 2013, the court denied respondent's motion to dismiss petitioner's first amended petition. ECF No. 37 (adopting in full the August 7, 2013 Findings and Recommendations, ECF No. 35). The court addressed petitioner's "Notice of Motion and Motion to Addendum" and his argument regarding the 1989 rescission hearing in the Findings and Recommendations. *See* ECF No. 35 at 6, n.3. Specifically, the Findings and Recommendations explained:

> Petitioner is essentially alleging a new claim for relief that is unrelated to his 2008 disciplinary conviction. Petitioner, however, has not moved to amend his petition to allege such a claim. *See* Fed. R. Civ. P. 15 (a). Furthermore, construing the September 27, 2012 pleading as a motion to amend would not assist petitioner, as the pleading does not comply with the court's local rules. *See* E.D. Cal. Local Rule 220.
>
> Petitioner potentially faces other problems in his attempt to assert this new claim. First, there is no indication that petitioner exhausted this claim by presenting it to the California Supreme Court. Second, petitioner was likely aware of the facts surrounding such a claim at the time of the 1989 rescission hearing, and therefore the statute of limitations would likely preclude petitioner from now assertion the claim. *See* 28 U.S.C. § 2244(d)(1).
>
> Since the claim petitioner attempts to allege in his September 27, 2012 pleading is not properly before the court and is unrelated to his challenge to the 2008 disciplinary conviction, the undersigned declines to address it. Petitioner is notified that he may still attempt to assert such a claim by filing a separate petition for writ of habeas corpus. However, he is admonished that he must exhaust the claim before seeking federal relief, and even then the claim may still be barred by statute of limitations.

*Id.*

In the pending motion to amend, petitioner argues that he has exhausted his claim regarding the 1989 rescission hearing. ECF No. 40 at 1. Petitioner's motion includes a copy of a habeas corpus petition that he apparently filed with the California Supreme Court on January 16, 2010. *Id.* at Exhibit A.

However, as explained in the August 7, 2013 findings and recommendations, petitioner's claim regarding the 1989 rescission hearing is unrelated to the claim in his first amended petition.

2

Nearly twenty years separates the factual bases of the two claims.  Again, petitioner is notified if he intends to pursue a claim based on that rescission hearing, he must do in a separate petition for writ of habeas corpus.

For the reasons stated above, it is recommended that petitioner's motion to amend (ECF No. 40) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 12, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE